IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENDRICK HUGHES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-055-GPM |
| | ) |
| **CHESTER MENTAL HEALTH CENTER,** | ) |
| **DOCTOR RAO, PHYLLIS MOUTRAY,** | ) |
| **and BRIAN THOMAS,** | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*, and the Court finds that he is, in fact, indigent. Therefore, the motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED**.

This case now is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and, thus, subject to summary dismissal.

In this action, Plaintiff states that in April 2004, he was arrested for making verbal assaults. Subsequently, on October 24, 2004, he was sent to the Chester Mental Health facility, where he currently is confined. He claims that this confinement is without justification for two reasons. First, he claims that the statute of limitations has run on his criminal charges. Second, he claims that records were falsified to find him unfit to stand trial. He seeks an independent evaluation to prove his mental fitness, expungement of all records to the contrary, and release from Chester.

Although Plaintiff brings this action under civil rights law, habeas corpus is the sole federal remedy for challenging the fact or duration of an inmate's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, Plaintiff may bring his claims under 28 U.S.C. § 2254, but only after he has exhausted his state court remedies.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED without prejudice** to Plaintiff bringing his claims under habeas corpus jurisdiction. The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

DATED: 08/17/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge